Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| MARÍA DEL CARMEN COLÓN RIVERA; AUGUSTO VILLEGAS MÁRQUEZ; Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Apelada<br><br>v.<br><br>UNIVERSAL PROPERTIES REALTY GOVERNMENT SERVICE, LLC; FULANO DE TAL; DEMANDADOS ABC; ASEGURADORAS XYZ; Y OTROS<br><br>Parte Apelante | TA2025AP00386 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV03728<br><br>Sobre: Incumplimiento Doloso de Contrato y Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante *nos*, el Municipio Autónomo de Caguas (Municipio o apelante) y nos solicita que revisemos una *Sentencia* emitida el 16 de mayo de 2025 y notificada el 8 de agosto de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante dicho dictamen, el TPI concluyó que los daños alegados guardaban proporción justificada con el probado incumplimiento contractual; en consecuencia, condenó a Universal Properties Realty Government Service, LLC. (Universal), al pago de $50,000.00 en concepto de daños y perjuicios a cada demandante para un total de $100,000.00. Además, señaló que el Municipio es responsable vicariamente frente al perjudicado y responde solidariamente de las actuaciones dolosas y los daños causados por su contratista, sin perjuicio al derecho de nivelación que le asiste.

Por los fundamentos que se exponen a continuación, *modificamos* la *Sentencia* apelada.

**I.**

El 3 de noviembre de 2022, María del Carmen Colón Rivera, Augusto Villegas Márquez y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, los apelados), incoaron una *Demanda* en contra de Universal y el Municipio sobre incumplimiento de contrato y daños y perjuicios. Alegó la parte apelada que, para octubre de 2021, intentó adquirir una propiedad bajo el Programa de Estorbos Públicos del Municipio. Sostuvo que, entregó a Universal $55,000.00 para la compra de la propiedad, sin embargo, debido a que la propiedad pertenecía a un tercero, no les fue entregada. En consecuencia, la parte apelante reclamó daños y perjuicios por el incumplimiento contractual.

Así las cosas, el 8 de marzo de 2023, Universal presentó una *Moción en Solicitud de Desestimación*. Entretanto, el 23 de abril de 2023, Luis E. Ortiz Colón (Ortiz Colón) presentó una *Demanda* de intervención en contra del Municipio. Arguyó que, el 8 de octubre de 2021, Universal a través del Municipio realizó una compraventa de su propiedad residencial sin su conocimiento y consentimiento. Por lo cual, solicitó consecuencias legales en contra de estas acciones.[1]

El 27 de abril de 2023, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación. Posteriormente, el 7 de julio de 2023, la parte apelante presentó una *Solicitud de Desestimación por Falta de Notificación […]*. Alegó que, la parte apelada y Ortiz Colón no presentaron la Notificación de Aviso de Reclamación (Notificación) por escrito contra el Municipio por estos hechos, previo a la presentación de la *Demanda*. Manifestó

---

[1] El 24 de abril de 2023, Ortiz Colón presentó una *Moción Informativa Sobre Diligenciamiento de Emplazamiento* mediante la cual informó al foro primario que el 15 de junio de 2023, el Municipio había sido emplazado. Además, junto a su escrito anejó copia del emplazamiento diligenciado y juramentado.

que, aun dando por ciertos todos los hechos alegados en la *Demanda,* los apelados y Ortiz Colón presentaron una causa de acción que no concede jurisdicción al Tribunal.

Subsiguientemente, el 14 de julio de 2023, Ortiz Colón presentó una *Moción en Oposición a Desestimación.* Razonó que, no procedía presentar una Notificación, ya que los daños son continuos y recurrentes porque el Municipio aun no ha desistido de su declaración de estorbo público, ni de la intención de expropiar. Esto, a pesar de haber referido a Universal al Departamento de Justicia, precisamente por reconocimiento de que los procesos llevados a cabo son ilegales.[2]

El 9 de agosto de 2023, la representación legal de Universal presentó una *Moción en Solicitud de Relevo de Representación Legal.* Así pues, el 30 de enero de 2024, el foro primario emitió una *Orden* mediante la cual le anotó la rebeldía a Universal. Luego, el 4 de marzo de 2024, el Municipio presentó una *Contestación a Demanda de Intervención.* El 8 de abril de 2024, Ortiz Colón presentó una *Moción de Desistimiento Sin Perjuicio.* Acto seguido, el 9 de abril de 2024, el foro primario emitió una *Sentencia* mediante la cual decretó el archivo, con perjuicio, de la *Demanda* de intervención que presentó Ortiz Colón. El 6 de noviembre de 2024, el TPI emitió una *Sentencia Parcial* mediante la cual determinó que el archivo de la *Demanda* de intervención debía ser sin perjuicio.

El 12 de diciembre de 2024, el foro primario celebró una Vista en Rebeldía. Así, el 16 de mayo de 2025, notificada en esa misma fecha, el TPI emitió una *Sentencia.* Mediante esta, determinó que los daños alegados guardaban proporción justificada con el probado incumplimiento contractual; por lo cual, condenó a Universal al

---

[2] El 14 de diciembre de 2023, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* las solicitudes de desestimación por falta de haberse efectuado la Notificación.

pago de $50,000.00 en concepto de daños y perjuicios a cada demandante para un total de $100,000.00. Asimismo, razonó que el Municipio es responsable vicariamente frente al perjudicado y responde solidariamente de las actuaciones dolosas y los daños causados por su contratista, sin perjuicio al derecho de nivelación que le asiste.

El 9 de julio de 2025, la parte apelante presentó una *Moción en Torno a Falta de Notificación en la Sentencia*. Esbozó que, la *Sentencia* no se había notificado a Universal, quien había comparecido y está en rebeldía. Ese mismo día, el foro primario emitió una *Orden* mediante la cual ordenó que la *Sentencia* fuera notificada a Universal. El 18 de julio de 2025, la parte apelada presentó una *Moción Solicitando Ejecución de Sentencia*.

Así las cosas, el 22 de julio de 2025, el Municipio presentó una *Solicitud de Medidas Cautelares y Paralización de los Procedimientos por Nulidad de Sentencia*. Expresó que, la *Sentencia* emitida surge de un caso de terceros, donde el Municipio entró producto de una demanda de intervención que luego fue desistida. Adujo que, no existe emplazamiento a su nombre, por lo que, no existe jurisdicción sobre el Municipio y las causas de acción ejercitadas en su contra. En consecuencia, solicitó: (1) que se detuviera cualquier proceso hasta que se notifique correctamente la *Sentencia*; (2) se dejara sin efecto la orden de ejecución y mandamiento hasta que la *Sentencia* adviniera final y firme; y, (3) se ordenara que no procedían acciones sobre ejecución y/o cualquier otro remedio *post Sentencia* hasta tanto y en cuanto la misma fuera final y firme.

El 23 de julio de 2025, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la *Solicitud de Medidas Cautelares y Paralización de los Procedimientos por Nulidad de Sentencia*. Esto, pues la notificación de la *Sentencia* había sido enmendada el 10 de

julio de 2025. El 30 de julio de 2025, la parte apelante presentó una *Solicitud de Reconsideración [...].* Consecuentemente, el 31 de julio de 2025, notificada el 1 de agosto de 2025, el foro primario emitió una *Orden en Cuanto a Notificación Enmendada de la Sentencia.* Allí, el TPI determinó que:

1. Se ordena la paralización de toda gestión, acción y trámite de Ejecución de Sentencia.
2. Se ordena a Secretaría Enmendar nuevamente la Notificación de la Sentencia, a los fines de incluir a todas las partes del caso. Se ordena que se notifiqué a sus direcciones postales, así como a sus correos electrónicos.
   Nota de Secretaría en cuanto a la Enmienda indicó que fue a los fines de incluir a Universal Properties Realty, cuando también debió mencionar que se incluía al Municipio Autónomo de Caguas y al Sr. Luis Emilio Ortiz Colón.
3. Se ordena a Secretaría anejar junto a esta Orden la nueva Notificación Enmendada de la Sentencia.
4. Se advierte al Municipio de Caguas y a los demás demandados sobre su derecho de apelar la Sentencia dictada a partir de la nueva Notificación Enmendada la cual advendrá final y firme.

El 29 de septiembre de 2025, el Municipio compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

A. Cometió error el TPI al no desestimar la demanda de intervención en daños y perjuicios contra el MAC por falta de notificación previa y por estar prescrita la causa de acción y con ello actuar sin jurisdicción.

B. Cometió error el TPI al dejar sin efecto la sentencia de desistimiento con perjuicio pasados seis (6) meses de dictada, para dictar otra sin perjuicio motu proprio, sin haber sido tal acción solicitada por ninguna de las partes.

C. Cometió error el TPI al presumir solidaridad bajo el Artículo 1540 del Código Civil de Puerto Rico de 2020 sobre Responsabilidad Vicaria.

D. Cometió error el TPI y abusó de su discreción al determinar que un fondo aprobado por la legislatura municipal para propósitos específicos puede ser entregado a cualquier tercero reclamante no vinculante con el MAC ni el propósito y sin cumplir los criterios.

E. Cometió error el TPI en la suficiencia y la apreciación de la prueba desfilada y con ello no midió la totalidad de las circunstancias presentes al dictar una sentencia contraria a la prueba.

F. Cometió error el TPI al declarar Ha Lugar una Solicitud de Ejecución de Sentencia y expedir Mandamiento de Ejecución sin haber notificado

correctamente la Sentencia y sin que ésta fuera final, firme e inapelable.

El 8 de octubre de 2025, emitimos una *Resolución* mediante la cual, entre otras cosas, concedimos un término de treinta (30) días para presentar la Transcripción de la Prueba Oral (TPO). El 10 de octubre de 2025, el Municipio presentó una *Moción en Cumplimiento de Orden Transcripción de la Prueba Oral*. La parte apelada no compareció, por lo que pasamos a resolver sin el beneficio de su comparecencia.

**II.**

**A. Artículo 1.051 (a) (b) del Código Municipal de Puerto Rico**

El requisito de presentar una notificación escrita al alcalde o al jefe ejecutivo municipal sobre cualquier reclamación de daños contra un municipio, dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los mismos, se establece en la Ley Núm. 107 de 13 de agosto de 2020, según enmendada, conocida como Código Municipal de Puerto Rico (21 LPRA sec. 7001 *et seq.*).

En consideración a la controversia particular ante *nos*, el Artículo 1.051 del Código Municipal (21 LPRA sec. 7082), establece que:

> [t]oda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) *Forma de entrega y término para hacer la notificación.* — Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.
>
> La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. [...]

> (b) *Requisito jurisdiccional.* — No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación. [...].

Este requisito de notificación previa en las acciones de daños y perjuicios responde al interés de lograr una efectiva investigación que les permita articular una defensa adecuada en la futura reclamación que posiblemente se presentará en su contra. *Rivera Serrano v. Mun. de Guaynabo*, 191 DPR 679 (2014). Así pues, nuestro máximo Foro ha establecido que la notificación previa tiene las siguientes ventajas: (1) proveerle a los municipios la oportunidad de investigar los hechos que originaron la reclamación; (2) conocer posibles testigos de los hechos; (3) mitigar el importe de los daños sufridos; y, (4) permitir a los municipios la inspección inmediata del lugar del accidente. *Íd.*

En el pasado, el Tribunal Supremo señaló que el requisito de notificación al municipio era de cumplimiento estricto, por lo que había instancias donde podría permitirse la acción legal incluso en ausencia de la notificación cuando la misma carece virtualidad, propósito u objetivo y en las cuales jurídicamente no había razón para exigirla. A saber, cuando se demandaba y emplazaba al municipio dentro del término de noventa (90) días; se reclamaba justa compensación por el uso de una propiedad privada sin el debido proceso de ley; se interponía una reconvención contra un municipio demandante; se trataba de una acción por violación de un contrato, o la reclamación se dirigía contra la aseguradora del municipio. *Passalacqua v. Municipio de San Juan,* 116 DPR 618 (1985). Véase, además, *Ins. Co. v. Ruiz*, 96 DPR 175 (1968)*; Rosario v. Municipio*, 92 DPR 586 (1965); *García v. Northern Assurance Co.*, 92 DPR 245 (1965). Además, eximió del requisito cuando el municipio tenía pleno conocimiento de los hechos, por lo que no se podía alegar indefensión

por falta de notificación. *Acevedo v. Mun. de Aguadilla*, 153 DPR 788 (2001).

Ante el hecho de que el carácter jurisdiccional del referido requisito fue sustancialmente limitado debido a la imprecisión del lenguaje de su texto y jurisprudencialmente se reconoció que era un término de cumplimiento estricto que permitía la excusa la observancia con la referida notificación, la Asamblea Legislativa promulgó la Ley Núm. 121 del 29 de junio de 2018 para enmendar el Artículo 15.003 de la derogada Ley de Municipios Autónomos, Ley Núm. 81 del 30 de agosto de 1991 (21 LPRA sec. 4703). El propósito de esta enmienda era precisar de manera clara e inequívoca el alcance y la forma en que se debía cumplir con el requisito de notificación previa al alcalde ante cualquier reclamación contra un municipio por daños personales o a la propiedad ocasionados por su culpa o negligencia. Se dispuso que el cumplimiento cabal con cada uno de los requisitos plasmados en el referido artículo era una condición previa indispensable sin la cual no se podrá responsabilizar al municipio, ni iniciarse acción de clase alguna en su contra por daños causados por su culpa o negligencia. *Íd.* Asimismo, esta Ley estableció que los términos para notificar eran de caducidad y su incumplimiento constituía un defecto fatal. *Íd.*

En *López v. Autoridad de Carreteras*, 133 DPR 243 (1993), el Tribunal Supremo resolvió que no se justificaba eximir la aplicación del requisito de notificación en una reclamación de daños por responsabilidad extracontractual basada en la culpa o negligencia de un municipio que no tenía forma de conocer los detalles esenciales del daño si no se le notificaba. En tal circunstancia, si el reclamante no notificaba dentro del término dispuesto, quedaba impedido de incoar acción judicial contra el municipio por los daños reclamados. *Íd.* Igualmente, resolvió que no se podía hacer caso omiso al claro mandato legislativo sobre el término para realizar la notificación por

desconocimiento cabal de la ley o falta de diligencia en investigar la jurisdicción del lugar de los hechos. *Íd.*

**B. Intervención**

La intervención es un mecanismo procesal útil y frecuentemente utilizado. Así, es una institución procesal mediante la cual un tercero comparece voluntariamente o por necesidad solicitando ser incluido en una acción pendiente ante los tribunales. El solicitante presenta una reclamación o defensa, y de permitirlo el foro, se convierte en parte para fines de la reclamación o defensa planteada. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012).

A esos efectos, la Regla 21.1 de las Reglas de Procedimiento Civil (32 LPRA Ap. V), permite la intervención como cuestión de derecho para personas naturales o jurídicas, en un pleito en el cual no son partes. En particular, autoriza a una parte a intervenir en un procedimiento cuando *inter alia*, reclame algún derecho o tenga un interés en el asunto objeto del litigio que puede quedar afectado con la disposición final determinada. Dicha Regla establece que:

> [m]ediante una oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito:
> (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir o
> (b) cuando la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito.

Para que proceda una intervención como cuestión de derecho, la parte interventora debe establecer un interés suficiente o de envergadura que pudiera ser menoscabado y que, además, existe inadecuada representación para protegerlo. *United States Postal Service v. Brennan,* 579 F.2d. 188 (1978). En todo caso, la decisión del tribunal al admitir o denegar la intervención dependerá de los hechos particulares del litigio. Cuevas Segarra, José A., *Tratado de Derecho Procesal Civil,* Segunda Edición, Pubs. J.T.S., pág. 779 (2011).

Asimismo, la Regla 21.2 de Procedimiento Civil (32 LPRA Ap. V), regula la intervención permisible y establece que:

> [m]ediante una oportuna solicitud, se podrá permitir a cualquier persona intervenir en un pleito:
> (a) cuando por ley se le confiera un derecho condicional a intervenir o
> (b) cuando la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho.
> Cuando una parte base su reclamación o defensa en cualquier ley u orden ejecutiva cuya ejecución está a cargo de un funcionario o una agencia gubernamental, o en un reglamento, una orden, un requerimiento o un acuerdo promulgado, expedido o celebrado de acuerdo con dicha ley u orden ejecutiva, el tribunal ordenará a dicha parte que notifique fehacientemente la reclamación o defensa al funcionario, funcionaria o agencia y podrá permitírsele al funcionario, funcionaria o agencia intervenir en el pleito mediante una solicitud oportuna. Al ejercer su discreción, el tribunal considerará si la intervención dilatará indebidamente el pleito o perjudicará la adjudicación de los derechos de las partes originales.

En el caso de la intervención permisible, aun cuando se solicite oportunamente no tiene que ser otorgada por el tribunal, ya que está sujeta a su discreción. Por consiguiente, como es a discreción del tribunal, podría concederla dependiendo de si causa dilación o no en los procedimientos o si el permitirla perjudicaría la adjudicación de los derechos de las partes originales. Hernández Colón, Rafael, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta Edición, Lexis Nexis, Puerto Rico, pág. 167 (2010).

La solicitud de intervención debe interpretarse liberalmente. No obstante, esto no significa que toda duda posible deba resolverse a favor de esta. *Rivera v. Morales*, 149 DPR 672 (1999).

**III.**

Atenderemos el primer señalamiento de error por ser un asunto jurisdiccional y con ello prescindimos de los demás señalamientos de error. *Veamos.*

El Municipio plantea que cometió error el TPI al no desestimar la *Demanda* de intervención en daños y perjuicios presentada en su contra por falta de notificación previa y por estar prescrita la causa de acción y con ello actuar sin jurisdicción.

En el caso ante nuestra consideración, Ortiz Colón presentó una *Demanda* de intervención en contra de la parte apelante. Así las cosas, el foro primario concedió la intervención; sin embargo, posteriormente, dicha causa de acción fue desistida por Ortiz Colón. En consecuencia, el foro primario emitió una *Sentencia Parcial* archivando la causa de acción sin perjuicio. Por lo cual, para todos los efectos prácticos, a partir del 6 de noviembre de 2024, el Municipio no era parte del pleito de autos; ya que, Ortiz Colón desistió de la causa de acción en su contra. Además, la parte apelada no incluyó a la parte apelante en su *Demanda*, aun cuando pudo hacerlo y cuando debió conocer que el Municipio podía tener algún grado de responsabilidad ante las nefastas acciones de Universal.

Asimismo, la parte apelada tampoco fue traída mediante una demanda contra tercero. Por lo tanto, reiteramos que su permanencia en el pleito culminó tan pronto el foro primario emitió la *Sentencia Parcial* archivando, sin perjuicio, la *Demanda* de intervención. A esos efectos, es forzoso concluir que incidió el foro primario al imputarle responsabilidad al Municipio, cuando al momento de dictar *Sentencia Parcial* esta dejó de ser parte en el pleito y máxime cuando la parte apelada nunca presentó la Notificación según establece el Artículo 1.051 del Código Municipal, *supra*. Por consiguiente, dicha actuación fue una sin jurisdicción y en claro abuso de discreción.

Consecuentemente, procede modificar la *Sentencia* apelada a los fines de eliminar la responsabilidad que el foro primario imputó erróneamente al Municipio. Asimismo, se confirma en cuanto a la responsabilidad imputada a Universal.

**IV.**

Por los fundamentos antes expuestos, *modificamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones